IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

JOSHUA BANKS,

    Petitioner,

v.                                         Cv. No. 12-2175-JPM-dkv

UNITED STATES OF AMERICA,

    Respondent.

_____

ORDER OF DISMISSAL
ORDER DENYING PENDING MOTION AS MOOT (ECF No. 3)
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
_____

Petitioner Joshua Banks ("Banks"), prison registration number 315203, an inmate at the West Tennessee State Penitentiary (the "WTSP") at Henning, Tennessee, has filed a habeas Petition pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Banks was convicted of violations of both state and federal law, leading to his present incarceration in the WTSP. For the following reasons, Banks' Petition is DENIED.

I.  BACKGROUND

Banks was indicted by a federal grand jury in a one-count indictment on March 8, 2007. See Indictment, United States v. Banks, No. 07-20074 (W.D. Tenn. Mar. 8, 2007), ECF No. 1. A two-count superseding indictment was filed on November 27, 2007, charging Banks with assaulting a mail carrier, in violation of 18 U.S.C. § 111(a)(1) and (b)(Count One); and charging Banks with possession of a firearm after the conviction of a felony, in violation of 18 U.S.C. § 922(g)(Count Two). See Superseding

Indictment, Banks, No. 07-20074 (W.D. Tenn. Nov. 27, 2007), ECF No. 22. On August 1, 2011, Defendant appeared before United States District Judge Bernice B. Donald and pled guilty to Count One of the superseding indictment pursuant to a written plea agreement. See Minute Entry, Banks, No. 07-20074 (W.D. Tenn. Aug. 1, 2011), ECF No. 75. On August 11, 2011, Judge Donald sentenced Banks to nine years of imprisonment, to be served concurrently with state sentences in case numbers 07-05146, 07-05147, 07-05148, 07-05149, 07-05150, 07-05151, and 07-05152. See Judgment at 3, Banks, No. 07-20074 (W.D. Tenn. Aug. 11, 2011), ECF No. 79. Count Two was dismissed upon motion of the United States. Id. at 1.

On August 2, 2011, Defendant Banks entered pleas of guilty to three counts of aggravated robbery, one count of attempted robbery, and three counts of robbery in Shelby County Criminal Court cases 07-05146, 07-05147, 07-05148, 07-05149, 07-05150, 07-05151, and 07-05152. Banks alleges that he was sentenced to nine years of imprisonment for the state offenses. (See ECF No. 1 at 1.)

**II.  STANDARD**

The first issue before the Court is the remedy Banks must invoke. "Section 2255 . . . has been conceived to be limited to those claims which arise from the imposition of the sentence as distinguished from claims attacking the execution of the sentence." Wright v. U.S. Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); see also United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991) ("Because defendant Jalili is challenging the manner in which the

2

sentence was being executed, rather than the validity of the sentence itself, Section 2255 does not apply.").

In his Petition, Banks asserts that the United States has lodged a federal detainer that prevents his parole from the state sentences. (See ECF No. 1 at 1.) It is not clear from the Petition whether Banks contends that he is also entitled to parole on his federal sentence or whether he is asking to serve out the remainder of his concurrent sentences in federal, rather than state, custody. It is, however, clear that Banks is attacking the execution of his sentence and not the imposition of the sentence. Accordingly, Banks' appropriate remedy is a petition under 28 U.S.C. § 2241 and not under § 2255. See Wright, 557 F.2d at 77. Therefore, the Court construes Banks' Petition as arising under § 2241.

Pursuant to § 2241, a court may grant a writ of habeas corpus if the prisoner demonstrates that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a), (c)(3). "[I]t is well established that federal prisoners are required to exhaust their administrative remedies before filing a habeas corpus petition under § 2241." Leslie v. United States, 89 F. App'x 960, 961 (6th Cir. 2004).

**III. ANALYSIS**

Banks asserts that he is entitled to relief because the United States has lodged a federal detainer that prevents his parole from the state sentences. (See ECF No. 1 at 1.) Additionally, Banks appears to contend either that he is entitled to parole on his federal sentence or that he is entitled to serve out the remainder

3

of his concurrent sentences in federal, rather than state, custody. (Id.)  Banks' claims regarding parole and where he is entitled to serve out the rest of his sentence are addressed in turn.

**A.   Parole**

Banks asserts that he is entitled to relief because the United States has lodged a federal detainer that prevents his parole from the state sentences and appears to assert that he is entitled to parole on his federal sentence. There are no grounds, however, for relief on these claims under 28 U.S.C. § 2241. First, insofar as Banks argues that he is entitled to parole on his federal sentence, the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (Oct. 12, 1984), abolished parole for federal sentences. See Terrell v. United States, 564 F.3d 442, 444 (6th Cir. 2009); see also United States v. Ross, No. 94-1882, 1995 WL 234675, at *1 (6th Cir. Apr. 20, 1995) ("[P]arole was abolished through the Sentencing Reform Act, effective November 1, 1987.").

Second, insofar as Banks bases his Petition on a denial of the right to parole as to his state sentence, the Petition must be denied as "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Crump v. Lafler, 657 F.3d 393, 397 (6th Cir. 2011) (quoting Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979)) (internal quotation marks omitted).

**B.   Federal Custody**

Banks appears to contend that he is entitled to serve out the remainder of his concurrent sentences in federal, rather than

state, custody. There are no grounds, however, for relief on this claim under 28 U.S.C. § 2241. Federal and state governments are free to make any agreement between themselves concerning which of their sentences will be served first. See King v. United States, No. 96-2515, 1997 WL 580776, at *2 (6th Cir. Sept. 18, 1997) ("A person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses." (quoting United States v. Dovalina, 711 F.2d 737, 739 (5th Cir. 1983)) (internal quotation marks omitted)). While the sovereign which first arrests an individual normally acquires priority of jurisdiction for purposes of incarceration, "the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980); accord Jones v. Farley, No. 4:12-CV-0671, 2012 WL 4506002, at *3 (N.D. Ohio Sept. 28, 2012). Additionally, an inmate does not have a protected right to be housed in a particular institution. See Olim v. Wakinekona, 461 U.S. 238 (1983).

In the instant case, the United States has not demonstrated any intent to assert primary jurisdiction over Banks, and state authorities have not relinquished custody over Banks because he has not satisfied his entire state obligation and has not been released from his state sentences imposed in 2011. Accordingly, this Court has no constitutional or statutory authority to direct the Bureau of Prisons to take custody of a state prisoner or to require the state to relinquish their custody of a lawfully imprisoned inmate.

Banks, however, may request the Bureau of Prisons to designate a particular facility as the place for service of his federal sentence. Under 18 U.S.C. § 3621, the Bureau of Prisons has the discretion to designate any available penal or correctional facility whether maintained by the federal government or otherwise as the place for service of a federal sentence. See Thomas v. Bogan, No. 95-1307, 1995 WL 692987, at *2 (6th Cir. Nov. 17, 1995); Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990); see also Tapia v. United States, 131 S. Ct. 2382, 2390-91 (2011) ("A sentencing court can recommend that the [Bureau of Prisons] place an offender in a particular facility or program[, but] decisionmaking authority rests with the [Bureau of Prisons]."). Accordingly, there is an administrative remedy available to Banks which must be exhausted before this Court can consider a claim pursuant to § 2241. See Boggs v. Pearson, No. 07-2079-JDB/sta, 2008 WL 189852, at *1 (W.D. Tenn. Jan. 22, 2008) (citing United States v. Westmoreland, 974 F.2d 736, 737-38 (6th Cir. 1992)) (holding that exhaustion of administrative remedies within the Bureau of Prisons is a prerequisite to habeas relief). Because Banks fails to allege or demonstrate that he has pursued his administrative remedies with the Bureau of Prisons as required before this Court can provide habeas relief, there is no basis for relief on this claim under 28 U.S.C. § 2241.

In summary, as "it appears from the application that the applicant or person detained is not entitled" to any relief, 28

U.S.C. § 2243, Banks' Petition is DENIED and the pending Motion (ECF No. 3) is DENIED as MOOT.[1]

**IV.  APPEAL ISSUES**

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). Durham v. U.S. Parole Comm'n, 306 F. App'x 225, 229 (6th Cir. 2009).[2] A habeas petitioner seeking to appeal, however, must pay the $455 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(3), (5).

---

[1] When Banks has exhausted his administrative remedies, he may then seek judicial relief pursuant to 28 U.S.C. § 2241. See United States v. Wilson, 503 U.S. 329, 335 (1992).

[2] To the extent this habeas Petition may be construed as merely complaining of continued detention by the Tennessee Department of Corrections, Banks cannot make a substantial showing of the denial of a federal right, and he is not entitled to a certificate of appealability under 28 U.S.C. § 2253.

In this case, because Banks is not entitled to relief on his claims, the Court determines that any appeal would not be taken in good faith. It is, therefore, CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is DENIED. Should Banks file a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

**V.   CONCLUSION**

For the foregoing reasons, Banks' Petition is DENIED.

**SO ORDERED** this 11th day of July, 2013.

S/ Jon P. McCalla
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE
